NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY HUNTLEY WILLIAMS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TEMPE POLICE DEPARTMENT, named as law enforcement; TEMPE MARKETPLACE, named as Christopher Robert, security; STATE OF ARIZONA, named as Prosecutor; TIMOTHY M MORIARTY, named as Tempe Police, <br><br> Defendants - Appellees. | No. 23-2123 <br><br> D.C. No. 2:23-cv-00693-SPL--ESW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted November 20, 2024[**]

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Huntley Williams appeals pro se from the district court's judgment

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims connected to Williams's arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Williams's action because Williams's claims against the State of Arizona are barred by sovereign immunity, and Williams failed to allege facts sufficient to show that Tempe Marketplace or its security guard were state actors or that defendant Moriarty lacked probable cause to arrest him. *See Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (setting forth tests used to evaluate whether a private actor has engaged in state action for purposes of § 1983); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (explaining that the "absence of probable cause is a necessary element of [a] § 1983 false arrest" claim); *Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) (explaining that states enjoy sovereign immunity from § 1983 actions).

We reject as unsupported by the record Williams's contentions that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**